IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY ALLEN,

     Petitioner,                    No. CIV S-10-3257 GEB GGH P

    vs.

GARY SWARTHOUT, et al.,

     Respondents.             FINDINGS & RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending is respondent's motion to dismiss for failure to state a federal claim, filed on February 14, 2011. Doc. 11. Petitioner filed an opposition on April 11, 2011, and respondent filed a reply on April 19, 2011.

Background

        Petitioner challenges a prison disciplinary finding that did not result in any loss of time credits. Petitioner stated that because the disciplinary finding is on his record it may affect his next Board of Parole Hearings (BPH) hearing and his release. Petitioner alleges various equal protection and due process violations regarding the disciplinary hearing and finding.

\\\\

1

On January 16, 2009, a staff member allegedly saw petitioner in possession of a bag that contained a cell phone and cell phone charger. Petitioner threw the bag away and only the cell phone charger was recovered. Petitioner was found guilty after a hearing of being in possession of contraband, the cell phone charger. Petitioner was sentenced to 40 hours extra duty and a 30 days loss of privileges that included day and night yard use, day room restrictions and no telephone.

On April 27, 2010, there was a BPH hearing with respect to petitioner's potential release. Parole was denied and the BPH referenced the instant disciplinary finding as one of their reasons. Opposition, BPH Transcript at 122-123, 125.

Analysis

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is not limited to immediate release from unlawful confinement, but rather is available to attack future confinement and obtain future releases. See Preiser v. Rodriguez, 411 U.S. 475, 487, 93 S.Ct. 1827 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986)[1] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief."). A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement. Preiser at 487-88 (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself"). In dicta, the court in Preiser noted that such a challenge is permissible even if restoration of the credits would not result in the prisoner's

---

[1] Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

2

immediate release from prison. Id.

"Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

Pursuant to California Code of Regulations § 2402(a), the BPH is required to determine petitioner's suitability for parole by considering: his "involvement in other criminal misconduct which is reliably documented;" his "behavior before, during, and after the crime;" and whether he "has engaged in serious misconduct in prison or jail." Cal. Code Regs. tit. 15, § 2402(b), (c)(6) (2010). Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. § 2402(d)(9). Therefore, the BPH is required to consider petitioner's prison disciplinary record in determining his suitability for parole.

Respondent argues habeas jurisdiction is lacking because petitioner's challenge will not necessarily shorten petitioner's sentence, citing Preiser and Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).[2] The undersigned is unpersuaded by respondent's argument. Reversal or expungement of petitioner's conviction for the rules violation, if warranted, is both "likely" to

---

[2] In Ramirez, a California state prisoner brought a civil rights action under 42 U.S.C. § 1983 seeking damages, declaratory relief and injunctive relief. Id. at 853. The prisoner's complaint alleged that the procedures of his prison disciplinary hearing and the term of his administrative segregation violated his constitutional rights. Id. at 852. The district court dismissed both claims. Id. The Ninth Circuit reversed, holding that an inmate can "challenge the conditions of his confinement under § 1983 [where] his claim, if successful, would not necessarily invalidate a disciplinary action that affects the fact or length of his confinement." Id. In dicta, the court in Ramirez suggested that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." Id. at 858. The Ninth Circuit suggested that "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id. at 859.

accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and "could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031. See, e.g., Johnson v. Swarthout, S-10-1568 KJM DAD, 2011 WL 1585859 at *2-3 (E.D. Cal. Apr. 22, 2011) (Findings and recommendations recommending that habeas jurisdiction exists for a challenge to a disciplinary decision, but no decision yet from the district judge); Hardney v. Carey, S-06-0300 LKK EFB, 2011 WL 1302147 at *5-8 (E.D. Cal. Mar. 31, 2011) (same); Foster v. Washington-Adduci, 2010 WL 1734916 at *4 (C.D. Cal. Mar. 24, 2011) (Respondent's reliance on dictum from Ramirez was not persuasive in case brought under § 2241 in the federal prison context ); Murphy v. Dep't of Corrs. & Rehabilitation, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008) (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement."); Drake v. Felker, S-07-0577 JKS, 2007 WL 4404432 at *2 (E.D. Cal. Dec. 13, 2007) (Habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole").

        The undersigned also notes that some district courts have held the opposite. See, e.g. Rhodes v. Evans, S-09-1842 JAM EFB, Docket Nos. 18, 20 (E.D. Cal. Apr. 4, 2011) (District judge held that challenge to disciplinary decision was not cognizeable on habeas review, rejecting magistrates judge's recommendation); Legare v. Ochoa, S-10-2379 AWI, 2011 WL 795811 at *1 (E.D. Cal. Mar. 1, 2011) (Findings and recommendations recommending that habeas jurisdiction does not exist for a challenge to a disciplinary decision, but no decision yet from the district judge); Norman v. Salazar, 2010 WL 2197541 at *2 (C.D. Cal. Jan. 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to Petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition"); Santibanez v. Marshall, 2009 WL 1873044 at *7 (C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not cognizable on habeas review because it would have

only speculative impact on the petitioner's consideration for parole in the future).

However, based on the record in the instant case, the undersigned finds that petitioner has stated a federal claim. The disciplinary finding for possession of contraband is "criminal misconduct which is reliably documented." Cal. Code Regs. tit. 15 § 2402(b). The BPH is required to consider the violation because it reflects on petitioner's behavior "after the crime." Id. The BPH explicitly relied on petitioner's disciplinary findings as one of many reasons in denying him parole. Thus, it is at least 'likely' that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole. The BPH also specifically recommended that petitioner obtain no more 115's or 128-As (disciplinary infractions) and stay disciplinary free to improve the possibility of parole at his next hearing. Opposition, BPH Transcript at 128.

While it is arguable that some disciplinary findings could be too insignificant for habeas jurisdiction, the issue of cell phones in the prison environment has become quite serious. The State of California is currently attempting to pass Senate Bill 26 to criminalize the smuggling and possession of cell phones in prison.[3] Therefore, the instant disciplinary finding is significant enough to warrant habeas review from this court.

The court also notes that the United States Supreme Court recently held that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011). Respondent cites Swarthout in support of the motion to dismiss, however, the undersigned is not persuaded that Swarthout controls in this situation. While Swarthout indeed fundamentally altered the landscape of parole habeas law, its holding is not closely related enough to Bostic, in order to overrule Bostic. If Bostic is indeed

---

[3] www.leginfo.ca.gov/pub/11-12/bill/sen/sb_0001-0050/sb_26_bill_20110330_amended_sen_v97.html

overruled in light of Swarthout, that is not for this court to decide.  Bostic is still good law in the Ninth Circuit and petitioner has demonstrated that it is at least 'likely' that expungement of the disciplinary finding could accelerate his eligibility for parole.  Therefore, respondent's motion to dismiss should be denied and respondent shall file an answer to the petition within 60 days if these findings are recommendations are adopted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 14, 2011, motion to dismiss (Doc. 11) be denied and respondent shall filed an answer to the petition within sixty days, if these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/23/2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
alle3257.mtd