1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY ALLEN,

11           Petitioner,            No. CIV S-10-3257 GEB GGH P

12       vs.

13   GARY SWARTHOUT, et al.,

14           Respondent.            FINDINGS & RECOMMENDATIONS

15   _____/

16   I.  Introduction

17           Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a prison disciplinary finding that did

19   not result in any loss of time credits.  Petitioner stated that because the disciplinary finding is on

20   his record it may affect his next Board of Parole Hearings (BPH) hearing and his release.[1]  On

21   July 8, 2011, the district judge adopted the findings and recommendations that stated petitioner

22   had demonstrated that it is at least likely that expungement of the disciplinary finding could

23   accelerate his eligibility for parole, therefore respondent's motion to dismiss was denied and the

24   _____

25           [1] On April 27, 2010, there was a BPH hearing with respect to petitioner's potential
     release.  Parole was denied and the BPH referenced the instant disciplinary finding as one of their
26   reasons.  Doc. 14, BPH Transcript at 122-123, 125.

                                        1

1   petition was to be answered.  Respondent timely filed an answer and petitioner filed a traverse.

2          After carefully considering the record, the court recommends that the petition be

3   denied.

4   II.  Anti-Terrorism and Effective Death Penalty Act (AEDPA)

5          The statutory limitations of federal courts' power to issue habeas corpus relief for

6   persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and

7   Effective Death Penalty Act of 1996 (AEDPA).  The text of § 2254(d) states:

8          An application for a writ of habeas corpus on behalf of a person in
           custody pursuant to the judgment of a State court shall not be
9          granted with respect to any claim that was adjudicated on the
           merits in State court proceedings unless the adjudication of the
10         claim-

11                 (1) resulted in a decision that was contrary to, or
                   involved an unreasonable application of, clearly
12                 established Federal law, as determined by the
                   Supreme Court of the United States; or
13
                   (2) resulted in a decision that was based on an
14                 unreasonable determination of the facts in light of
                   the evidence presented in the State court
15                 proceeding.

16         As a preliminary matter, the Supreme Court has recently held and reconfirmed

17  "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to

18  have been 'adjudicated on the merits.'"  Harrington v. Richter, 131 S.Ct. 770, 785 (2011).

19  Rather, "when a federal claim has been presented to a state court and the state court has denied

20  relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

21  of any indication or state-law procedural principles to the contrary."  Id. at 784-785, citing Harris

22  v. Reed, 489 U.S. 255, 265, 109 S.Ct. 1038 (1989) (presumption of a merits determination when

23  it is unclear whether a decision appearing to rest on federal grounds was decided on another

24  basis).  "The presumption may be overcome when there is reason to think some other explanation

25  for the state court's decision is more likely."  Id. at 785.

26  \\\\

1          The Supreme Court has set forth the operative standard for federal habeas review

2    of state court decisions under AEDPA as follows:  "For purposes of § 2254(d)(1), 'an

3    *unreasonable* application of federal law is different from an *incorrect* application of federal

4    law.'"  Harrington, supra, 131 S.Ct. at 785, citing Williams v. Taylor, 529 U.S. 362, 410, 120

5    S.Ct. 1495 (2000).  "A state court's determination that a claim lacks merit precludes federal

6    habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

7    decision."  Id. at 786, citing Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140 (2004).

8    Accordingly, "a habeas court must determine what arguments or theories supported or . . could

9    have supported[] the state court's decision; and then it must ask whether it is possible fairminded

10   jurists could disagree that those arguments or theories are inconsistent with the holding in a prior

11   decision of this Court."  Id.  "Evaluating whether a rule application was unreasonable requires

12   considering the rule's specificity.  The more general the rule, the more leeway courts have in

13   reaching outcomes in case-by-case determinations.'"  Id.  Emphasizing the stringency of this

14   standard, which "stops short of imposing a complete bar of federal court relitigation of claims

15   already rejected in state court proceedings[,]" the Supreme Court has cautioned that "even a

16   strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Id.,

17   citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166 (2003).

18         The undersigned also finds that the same deference is paid to the factual

19   determinations of state courts.  Under § 2254(d)(2), factual findings of the state courts are

20   presumed to be correct subject only to a review of the record which demonstrates that the factual

21   finding(s) "resulted in a decision that was based on an unreasonable determination of the facts in

22   light of the evidence presented in the state court proceeding."  It makes no sense to interpret

23   "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in

24   § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the

25   same record could not abide by the state court factual determination.  A petitioner must show

26   clearly and convincingly that the factual determination is unreasonable.  See Rice v. Collins, 546

U.S. 333, 338, 126 S.Ct. 969, 974 (2006).

The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002). Specifically, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, supra, 131 S.Ct. at 786-787. "Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120, 125, 128 S.Ct. 743, 746 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76, 127 S.Ct. 649, 653-54 (2006) (established law not permitting state sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection). The established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. 3, 9, 123 S. Ct. 362, 366 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early, supra, 537 U.S. at 8, 123 S.Ct. at 365. Where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

\\\\

\\\\

4

III.  Background

On January 16, 2009, petitioner was walking out of a prison dormitory when a correctional officer saw petitioner holding a small bag that contained a cell phone. Petition at 86.[2]  The correctional officer told petitioner to come to him, but petitioner walked away.  Petitioner then tossed the small bag towards another area where other inmates were located, and then walked back to the correctional officer.  The correctional officer eventually recovered the small bag and did not find the cell phone but did find an altered cell phone charger.  Id.

Petitioner was issued a Rule Violation Report for possession of contraband, the cell phone charger.  Petition at 8.  A hearing was held on January 25, 2009, where petitioner pled not guilty.  Id.  The correctional officer's report was presented at the hearing.  Petition at 8.  Petitioner requested that the correctional officer and another inmate testify at the hearing.  Petitioner at 87.  The correctional officer testified and petitioner presented a list of questions that were asked to the correctional officer.  Petitioner at 87.  The inmate witness was not permitted to testify.  Id.

Petitioner was found guilty by a preponderance of the evidence by the Senior Hearing Officer who presided.  Petition at 88.  The disposition resulted in petitioner being given forty extra hours of duty and a thirty day loss of day and night yard, dayroom restrictions and telephone access.  Id.

IV.  Argument & Analysis

The petition presents several allegations but even liberally construed the only cognizable habeas claim is that there was insufficient evidence to find petitioner guilty of possession of a cell phone charger.  This claim was presented to the Superior Court of Solano County in a state habeas petition that was denied in a reasoned opinion:

On December 24, 2009, Petitioner Anthony Allen filed this petition for writ of habeas corpus.  Petitioner challenges the outcome of the disciplinary hearing, where he was found guilty of possessing a cell phone charger.

Prisoners do not have the right to judicial review of prison disciplinary actions that do not result in the forfeiture of conduct credits and do not affect other rights protected by the Due Process Clause.  (In re Johnson (2009) 176 Cal App. 4th 290, 298.)  In this case, petitioner was assessed forty hours of extra duty and thirty days loss of privileges (day and night yard, dayroom restriction, and telephone), but no conduct credits were taken from him.  Petitioner thus has not right to judicial review of the disciplinary action taken against him, and also no right to review his claim that a "mirror reply" was issued to him in the inmate appeals process for that disciplinary action.  Further, the definition of contraband under California Code of Regulation Section 3006(c) is broad enough to include a cell

_____

[2] All pages numbers are as they appear in the court's electronic docketing system.

1   phone charger, and the record provides sufficient evidence to support the finding
    of guilt.
2   Answer, Exh. 1.

3   "Prison disciplinary proceedings are not part of a criminal prosecution, and the

4   full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell,

5   418 U.S. 539, 556, 94 S.Ct. 2963 (1974).  With respect to prison disciplinary proceedings, the

6   minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at

7   least 24 hours between the time the prisoner receives written notice and the time of the hearing,

8   so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the

9   evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to

10  call witnesses and present documentary evidence in his defense, when permitting him to do so

11  would not be unduly hazardous to institutional safety or correctional goals; and (5) legal

12  assistance to the prisoner where the prisoner is illiterate or the issues presented are legally

13  complex.  Id. at 563-71.  Confrontation and cross examination are not generally required.  Id. at

14  567.

15  In addition, due process requires that the decision be supported by "some

16  evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), citing United

17  States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302 (1927).

18  In Hill, the United States Supreme Court explained that this standard is met if "there was some

19  evidence from which the conclusion of the administrative tribunal could be deduced ..." Id.

20  "Ascertaining whether this standard is satisfied does not require an examination of the entire

21  record, independent assessment of the credibility of witnesses, or weighing of the evidence."

22  Hill, 472 U.S. at 455-456.  Instead, "the relevant question is whether there is any evidence in the

23  record that could support the conclusion reached by the disciplinary board." Id.

24  Respondent argues that petitioner is not entitled to the due process protection of

25  Wolff, but the undersigned disagrees for purposes of the instant case.  Respondent first seeks a

26  reprise on his argument that habeas jurisdiction is inappropriate when the inmate does not

6

actually lose time credits.  The undersigned, while recognizing that jurisprudence on the subject

is the proverbial dog's breakfast, adheres to his original view that a disciplinary conviction which

does not result in the loss off time credits, but is nevertheless likely to affect eligibility for parole,

is subject to review in habeas corpus.  See also Morris v. Haviland, 2011 WL 3875708 (E.D. Cal.

2011), for an excellent discussion of the topic.

      Respondent then takes a second tack – that the protections of Wolff v.

McDonnell, supra, do not apply in situations where time credits are not actually lost, relying on

Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).  Again, while respondent's reliance on

Sandin has some logic behind it (no liberty interest exists at all unless the deprivation is atypical),

it ultimately does not control.  First, it would be incongruous to find that habeas jurisdiction

exists to review the disciplinary conviction, but then to find that the case which sets forth the

federal process due for disciplinary convictions, Wolff, does not apply.[3]  Moreover, Sandin did

not purport to overrule Superintendent,  v. Hill, supra, "[w]here a prison disciplinary hearing *may*

result in the loss of good time credits," an inmate " must receive" Wolff's procedural protections.

Hill, 472 U.S. at 454 (emphasis added).  Thus, Hill mandates that the process due for any

disciplinary conviction for which a potential penalty was loss of time credits should focus upon

the potential penalties that an inmate faces at a disciplinary hearing, rather than on the ultimate

penalty imposed.  Such analysis is also implicit in Wolff, which required prison officials to give

notice of pending charges prior to a hearing that would determine whether good time credits

would be taken away.  See Wolff, 418 U.S. at 563-64, i.e., the process due starts with being

charged with a disciplinary whose potential could result in loss of time credits, continues on

through the hearing itself, and is not subject to retroactive evaporation simply because the take-

away-credits sentence did not result.

\\\\

---

[3]  No one asserts that the forfeiture of time credits was not a potential sentence for the
disciplinary conviction.

1          Finally, assuming that some due process should have attached to petitioner's

2  hearing, respondent contends that it is the very minimal due process of <u>Swarthout v. Cooke</u>,

3  __U.S.__, 131 S.Ct. 859, 862 (2011), and not <u>Wolff</u> (which includes a "some evidence"

4  standard).  Of course <u>Swarthout</u> held that there was no due process right to a "some evidence"

5  review in parole eligibility cases.  While it might seem illogical that a disciplinary process which

6  only might delay parole eligibility requires a "some evidence" review, while the main event, the

7  parole eligibility process, does not, logic does not always win out.  As Justice Holmes stated in

8  one of his most famous quotes, "[t]he life of the law is not logic; it is experience....," [4] and

9  experience with the disciplinary hearing process, i.e., precedent, requires a "some evidence"

10  review.  <u>Wolff</u>, <u>Hill</u>, <u>supra</u>.  Therefore, the undersigned will analyze the disciplinary hearing

11  finding under <u>Wolff</u>.  Yet, the petition should still be denied.

12          The state court held there was sufficient evidence to find petitioner guilty of

13  possession of the cell phone charger and petitioner has failed to demonstrate that this ruling was

14  in violation of established Supreme Court authority.  The standard set forth in <u>Hill</u> only requires

15  some evidence and it is clear from the record based on the correctional officer's observations and

16  the recovered property that there was some evidence to find petitioner was in possession of

17  contraband.  <u>See</u> <u>Hill</u>, 472 U.S. at 456-57 (finding some evidence to support guilty finding for

18  two prisoners when evidence showed that a guard witnessed one inmate, who had just been

19  assaulted, and three other inmates fleeing from the scene).  As seen from the witness statement in

20  the Rules Violation Report in this case, there was clearly some evidence with which to find

21  petitioner guilty.

22          While petitioner has not specifically challenged any of the <u>Wolff</u> protections, it is

23  also clear that those requirements were met.  The hearing findings (Petition at 86-88) indicate

24  that petitioner was provided the proper paperwork in the appropriate time, on January 22, three

25

26      [4]  Oliver Wendell Holmes, *The Common Law*, (1881) at p.1

1   days prior to the hearing, the findings contain a written statement by the fact finder regarding the

2   evidence relied upon in finding him guilty, petitioner was able to call one witness and have many

3   questions asked and there was a written description regarding why petitioner did not require legal

4   assistance.  While one of petitioner's witnesses was not allowed to testify, this was not raised as

5   a specific claim with supporting information.  Petitioner provides no details about the witness,

6   what he would have testified to and why he was not allowed to testify.  To the extent this could

7   be construed as a claim, it should be denied.

8         Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

9   a writ of habeas corpus be denied.

10         If petitioner files objections, he shall also address if a certificate of appealability

11   should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

12   U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

13   constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

14   which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

15         These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

17   days after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20   shall be served and filed within seven days after service of the objections.  The parties are

21   advised that failure to file objections within the specified time waives the right to appeal the

22   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23   Dated: December 5, 2011

                           /s/ Gregory G. Hollows

24                        UNITED STATES MAGISTRATE JUDGE

  ggh: ab

25   alle3257.hc

26